**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4155**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAKIM GREGORY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (5:15-cr-00189-FL-1)

Submitted: October 23, 2018                     Decided: October 26, 2018

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dakim Gregory pled guilty, pursuant to a written plea agreement, to interstate transportation for prostitution (Mann Act), 18 U.S.C. § 2421 (2012), and use of the internet to promote prostitution, and aiding and abetting, 18 U.S.C. §§ 1952(a)(3), 2 (2012), and was sentenced to a total of 78 months' imprisonment. Gregory timely appealed. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in calculating Gregory's advisory Guidelines range. In addition, Gregory has filed a pro se supplemental brief in which he claims that: (1) his plea was unknowing and involuntary; and, (2) the district court erred in calculating his advisory Guidelines range. The United States seeks to dismiss the appeal based on the appellate waiver provision in the plea agreement.

"A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). To determine whether the waiver is knowing and voluntary, this court often looks to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). In evaluating the totality of the circumstances, courts consider "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted). This court

2

"will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).

We have reviewed the transcript of the Fed. R. Crim. P. 11 hearing and find that Gregory knowingly and intelligently waived the right to appeal both his conviction and sentence. The district court specifically questioned Gregory about the written appellate waiver and confirmed that he understood he was waiving his right to appeal by entering the agreement. The terms of the waiver were "clear and unmistakable." *See Blick*, 408 F.3d at 169. Gregory does not contend that the district court failed to question him concerning the appellate waiver or that he did not understand the full significance of the waiver. Based on the totality of the circumstances, we find that Gregory's appeal waiver was both knowing and intelligent and, therefore, enforceable as to issues within its scope.

A valid waiver does not bar matters outside the scope of the waiver or prevent this court from correcting a miscarriage of justice. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Nor does Gregory's appeal waiver bar his constitutional challenge to the knowing and voluntary nature of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We have reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 in ensuring that Gregory's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Therefore, we find that his guilty plea was valid and affirm Gregory's conviction.

In his *Anders* brief, counsel questions whether the district court erred in calculating Gregory's advisory Guidelines range; Gregory reiterates those claims in his pro se supplemental brief. Because Gregory's sentence did not exceed the statutory

3

maximum, these claims fall within the scope of the waiver. Accordingly, we grant, in part, the Government's motion and dismiss the appeal as to Gregory's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore dismiss the portion of the appeal challenging the calculation of Gregory's sentence based on his valid appellate waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Gregory, in writing, of the right to petition the Supreme Court of the United States for further review. If Gregory requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gregory.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*